**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1116

_____

UNITED STATES OF AMERICA

v.

LAMAR BLACK
also known as MAR,
               Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No. 5:19-cr-00366-002)
District Judge: Honorable Juan R. Sanchez

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 2, 2025

_____

Before: CHAGARES, <u>Chief Judge</u>, FREEMAN and MASCOTT, <u>Circuit Judges</u>

(Filed: July 30, 2026)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and, pursuant to 3d Cir. I.O.P. 5.7, does not constitute binding precedent.

CHAGARES, Chief Judge.

Lamar Black appeals his judgment of sentence, claiming that the District Court improperly applied a four-level sentencing enhancement for causing serious bodily injury to his victims.  For the reasons that follow, we will affirm.

I.[1]

Black and a co-defendant robbed a prescription center at gunpoint, and the next day, they participated with two additional co-defendants in the attempted armed robbery of a pharmacy.  The pre-sentence investigation report ("PSR") provided that two people were seriously injured during the attempted armed robbery.

Black pled guilty to three counts:  attempt and conspiracy to commit Hobbs Act robbery, 18 U.S.C. § 1951, and possession of a firearm by a felon, 18 U.S.C. § 922(g).  The parties agreed to recommend a sentencing range of 110 to 132 months of imprisonment.  The District Court explained at the change of plea hearing that acceptance of the recommended sentence was not required, and Black stated that he understood.  The District Court further explained that if it sentenced Black outside of the recommended range, Black would retain the right to withdraw the guilty plea.

The District Court calculated a Guidelines range of 168 to 210 months, and Black did not object to that calculation.  The District Court observed that the Guidelines range was significantly higher than the range the parties had recommended and expressed

---

[1] Because we write for the parties, we recite only the facts pertinent to our decision.

concern about accepting the recommended downward variance in light of the physical injuries suffered by Black's victims.

The District Court decided to provide Black the opportunity to withdraw the plea, warning that if he did not, the District Court "may dispose of the case less favorably . . . than the plea agreement contemplated." Supplemental Appendix ("Supp. App.") 97. The District Court granted a 30-day recess for Black to consider whether he wished to withdraw the guilty plea and proceed to trial. Black ultimately decided not to withdraw the guilty plea. He thus proceeded to sentencing with the knowledge that the District Court could impose a sentence greater than the range recommended in the plea agreement.

At sentencing, the District Court observed, among other things, that the PSR recommended adding a four-level enhancement to Count 1 under U.S.S.G. § 2B3.1(b)(3)(B) "because the victim sustained serious bodily injury . . . during the offense." Supp. App. 170. Black did not object. For Counts 1 and 2, the resulting Guidelines range was 168 to 210 months. The District Court sentenced Black to a within-Guidelines term of 180 months of imprisonment, to run concurrently for Counts 1 and 2.

Black's counsel initially did not appeal, despite Black's direction to do so. Black filed a motion under 28 U.S.C. § 2255, arguing that counsel had been ineffective for failing to appeal. The District Court then granted Black additional time to appeal and appointed new counsel. This timely appeal followed.

II.[2]

Under U.S.S.G. § 2B3.1(b)(3)(B), a robbery sentence is enhanced by four points if any victim sustained serious bodily injury. Black argues that the District Court erred by imposing the four-level enhancement. He claims that the prosecution failed to present evidence to support the alleged injuries.

Black contends that the applicability of the enhancement is a legal question that we review de novo. Yet he failed to pursue any objections to the PSR's Guidelines calculation, which included the four-level enhancement. In fact, Black's counsel expressly stated that there was no objection to the Guidelines calculation of 168 to 210 months.

Black thus failed to preserve his claim contesting the District Court's application of U.S.S.G. § 2B3.1(b)(3)(B). We therefore review application of the enhancement for plain error. See Fed. R. Crim. P. 52(b); United States v. Fountain, 792 F.3d 310, 318 (3d Cir. 2015). This requires us to consider whether: (1) the District Court erred; (2) the error was obvious; and (3) the error affected the outcome of the proceedings. See United States v. Olano, 507 U.S. 725, 732–34 (1993). If these three conditions are met, then we should exercise our discretion to correct the error if the error seriously affected the fairness, integrity, or public reputation of the proceeding. Id. at 735–36.

---

[2] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Black's sole claim on appeal concerns his sentence; he does not challenge the validity of his guilty plea.

Black contends that "nothing affirmative was presented at sentencing with regards to the alleged injuries," Black Br. 10, and disputes the District Court's reliance on the PSR to establish the injuries. Yet Black did not raise that objection to the PSR, nor did he present contrary evidence to the District Court.[3] See United States v. Gibbs, 190 F.3d 188, 207 n.10 (3d Cir. 1999) (determining that where the PSR is not objected to and the defendant has not provided contrary evidence, we cannot conclude that the District Court erred in applying an enhancement).

The District Court was permitted to rely on un-objected-to facts in the PSR. See Fed. R. Crim. P. 32(i)(3)(A) ("At sentencing, the court . . . may accept any undisputed portion of the presentence report as a finding of fact."); see also United States v. Foster, 891 F.3d 93, 114–15 (3d Cir. 2018). Given those facts, Black has not shown that the District Court committed any error, much less plain error, in finding that the victims suffered serious bodily injury. His claim therefore lacks merit.

III.

For the foregoing reasons, we will affirm the District Court's judgment of conviction and sentence.

---

[3] Black's brief provides a block quote from prior counsel's objection to the PSR in which prior counsel argued that using serious bodily injury as "grounds for upward departure" would amount to double-counting because serious bodily injury is already accounted for in the level-increase. Black Br. 9. That objection is not the same as the claim Black now raises on appeal.

5